**UNITED STATES of America,**
**Appellee,**

**v.**

**Jonathan WAGNER, Daniel Hernandez,**
**Richard Moreno, Defendants–**
**Appellants.**

Nos. 05–6478–cr, 06–0797–cr, 06–1203–cr.

United States Court of Appeals,
Second Circuit.

Feb. 26, 2007.

Steven A. Feldman (Arza Feldman, on the brief), Feldman & Feldman, Union-

dale, NY, for Defendant–Appellant Wagner.

Philip Katowitz, Brooklyn, NY,[1] for Defendant–Appellant Hernandez.

Barry Gene Rhodes, Brooklyn, NY, for Defendant–Appellant Moreno.

Christina B. Dugger, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief) for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, for Appellee.

PRESENT: Hon. JOHN M. WALKER, JR., Hon. GUIDO CALABRESI, Circuit Judges, Hon. DENISE COTE, District Judge.[*]

## SUMMARY ORDER

Defendants were convicted, after a jury trial, of conducting and conspiring to conduct a racketeering enterprise, in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) & (d), and various counts of robbery and conspiracy to commit robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951. Wagner and Hernandez were also convicted of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Wagner and Hernandez received principally concurrent life sentences, and Moreno received principally a sentence of 315 months' imprisonment. The defendants appealed, and we affirmed their convictions and sentences. *United States v. Wagner et al.*, 103 Fed. Appx. 422 (2d. Cir.2004). Following *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we remanded Wagner's and Hernandez's cases to the district court for resentencing, and we granted

---

1. In addition to the brief prepared by his counsel, defendant-appellant Hernandez also submitted a pro se brief.

* The Honorable Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

Moreno a limited remand pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). On remand, the district court imposed the same sentences as it had originally, and defendants appealed. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Defendants each argue that his respective sentence was unreasonable. At the resentencing hearings, the district court engaged in notably thorough analyses, particularly of how the 18 U.S.C. § 3553(a) factors applied to each defendant. No defendant points to any procedural error committed by the district court in determining the sentences. Furthermore, the sentences they received were substantively reasonable given the circumstances surrounding the offenses of which they were convicted. Accordingly, we cannot say their sentences were unreasonable. *See United States v. Kane,* 452 F.3d 140, 145 (2d Cir.2006) (per curiam).

■ Hernandez raises a number of other challenges to his conviction and sentence. First, he argues that the district judge's failure to recuse herself amounted to an abuse of discretion. We disagree. The comments that Hernandez cites as evidence that Judge Raggi was impermissibly biased do not indicate that she had a deep-seated favoritism or antagonism that would make fair judgment impossible. *See United States v. Conte,* 99 F.3d 60, 65 (2d Cir.1996) (quoting *Liteky v. United States,* 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

■ Second, Hernandez contends that the district court erred when it (1) refused to conduct a hearing pursuant to *United States v. Fatico,* 579 F.2d 707 (2d Cir. 1978), at the original sentencing hearing on the drug quantity for which Hernandez was responsible and (2) relied on the drug quantity finding it made at the original hearing at resentencing. In Hernandez's original appeal, we held that Judge Raggi's determination of the drug quantity attributable to Hernandez and her decision not to hold a *Fatico* hearing on this issue were not erroneous. The remand given Hernandez in this case was limited to correcting the error that resulted from the district court's treatment of the Guidelines as mandatory; that remand made clear that any other issues resolved in the disposition of the original appeal continued to control in his case. Given the limited nature of the remand granted to Hernandez, our decision in the original appeal regarding both Judge Raggi's determination of the drug quantity attributable to Hernandez and her choice not to hold a *Fatico* hearing constitutes the law of the case on those issues and, as such, bound the district court during the resentencing proceedings and binds us on this appeal. *See United States v. Ben Zvi,* 242 F.3d 89, 95 (2d Cir.2001) (cited by *United States v. Quintieri,* 306 F.3d 1217, 1229 (2d Cir.2002)).

Third, Hernandez, along with Wagner, asserts the district court erred when it relied on its own determination of drug quantity, made using a preponderance standard, when it calculated the Guidelines range applicable to each defendant. This argument, as the defendants acknowledge, is foreclosed by circuit precedent. *See United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir.2005).

■ Finally, Hernandez raises various challenges to the indictment and the jury instructions. Hernandez had both the opportunity and incentive to raise these claims before the district court and during the first appeal, but did not do so. As such, these claims are waived. *Quintieri,* 306 F.3d at 1229.

The judgment of the district court is therefore **AFFIRMED.**